Harting v. Jockers.

## MICHAEL HARTING
### v.
## GEORGE JOCKERS ET AL.

*Administration—Arrangement in Fraud of Creditors—Transfer of Property in Consideration of Support—Intention—Jurisdiction.*

1. A debtor can not, as against his creditors, transfer all his property to another to secure his future support.

2. The intention of the parties to such a conveyance is immaterial.

3. The fact that a fraudulent contract has been fully executed does not affect the right of an injured creditor to interfere.

4. The Circuit Court has jurisdiction of a bill filed by the holder of a note given previously to a transfer of this character by its deceased maker, it being sought to reach the fund in question for the satisfaction thereof. The County Court has no adequate remedy.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Jersey County; the Hon. G. W. HERDMAN, Judge, presiding.

Amended bill:

Humbly complaining, your orator, Michael Harting, by this, his amended bill of complaint herein filed by leave of the court first had and obtained, represents and shows unto your honor, that on the 17th day of June, 1870, one Jacob Huester, Sr., for value received by him, executed and delivered unto one Jacob Huester, Jr., his certain promissory note of that date, for the sum of four hundred and forty dollars ($440), payable to said Jacob Huester, Jr., or order, one year after date, with interest thereon from date, at the rate of ten (10) per centum per annum. And your orator shows unto your honor that thereafter, to wit, on the 29th day of December, A. D. 1870, said Jacob Huester, Jr., for value received by him from your orator, by his written indorsement thereon, transferred and assigned said promissory note to your orator, and he further shows unto your honor that at the date of said promissory note, and at the date of the assignment thereof, said Jacob Huester was solvent and amply responsible for said debt, and so continued to be solvent until within a short period prior to his death, as hereinafter set forth; your orator shows unto your honor that said Jacob Huester was a near relative of the wife of your orator, and was far advanced in years, being eighty-one years of age, and had often said that he intended to make a will and devise to your orator or to your orator's wife what property or moneys he owned ; because of which your orator from time to time deferred the collection of his said debt. And further shows to your honor that on or about the 1st day of October, 1884, said Jacob Huester had in money $2,000, which, with some promissory notes which were comparatively, if not wholly, worthless, constituted the whole of the property of him, the said Jacob Huester, Sr., and that on or about that day he loaned the whole of said sum of money to one George Jockers, who there and then executed and delivered to said Jacob Huester, Sr., his promissory note or notes therefor, payable to the order of said Jacob Hues-

Harting v. Jockers.

ter. And your orator further states that within a short time prior thereto, said Jacob Huester was induced to make, and did make, publish and declare his last will and testament, by the terms of which he, George Jockers, was made principal legatee, and named executor thereof; and after the making of said note by George Jockers, was also induced to, and did enter into a contract to pay said George Jockers two thousand dollars ($2,000), being all the property he owned, in consideration of which he, Jockers, agreed to house, clothe and feed him, or him and his son, Jacob Huester, during the term of his natural life, one or the other of which propositions constituted the consideration for said money, but which one of the propositions was or is the true one is unknown to your orator, because said contract or agreement was, by said parties, kept secret from your orator until after the death of said Jacob Huester, Sr., and since his death George Jockers has given it out both ways.

Your orator shows to your honor that George Jockers now says that said contract or agreement was made in January, A. D. 1885, and he shows to you that said Jacob Huester, Sr., died March 3, 1885, and that said Jacob Huester, Sr., prior to his death, delivered to George Jockers said promissory note or notes so made and delivered for said two thousand dollars ($2,000), and he, Jockers, accepted the same, as it is said, in full satisfaction and payment of the amount so agreed to be paid by Jacob Huester, Sr., to George Jockers under said contract and agreement; by means of which contract and payment said Jacob Huester, Sr., became and was insolvent and unable to pay the whole or any part of the debt due your orator during his life; and your orator shows unto your honor that after the death of said Jacob Huester, Sr., to wit, on the 20th day of April, A. D. 1885, the last will and testament of Jacob Huester, Sr., was presented to the said County Court of Jersey county, and by said court admitted to probate, and letters testamentary were then and there, by said court, issued to said George Jockers, who, having first duly qualified according to law, entered upon the discharge of his duties, and was, and still is, executor of the last will and

testament of said Jacob Huester, Sr.; and thereafter such proceedings were had in said County Court, settling said estate of said Jacob Huester, Sr., deceased, that your orator presented his said promissory note thereto to be probated and allowed against said estate, and on the 11th day of March, A. D. 1886, there was a judgment thereon by said County Court rendered in favor of your orator, and against said estate, for the sum of eleven hundred and thirty-three dollars ($1,133), which judgment now still remains in full force and effect, unreserved and not appealed from, which is due and wholly unpaid.

That said George Jockers, as such executor, has filed in said County Court his inventory of the goods, chattels and effects of said estate, and that it is apparent therefrom, and your orator charges the fact to be, that said estate is wholly insolvent and unable to pay any part of your orator's said judgment.

And now your orator shows unto your honor that said contract, so entered into by said Jacob Huester, Sr., and George Jockers, was as to your orator fraudulent and void in this, that thereby said Jacob Huester, Sr., was made insolvent, and unable to pay the just and lawful demands then due from him to your orator, and also in this, that said contract was made and entered into with intent to hinder and delay the creditors of him, Jacob Huester, Sr., including your orator, in the collection of their debts from him.

Inasmuch therefore as your orator is without remedy except in a court of equity, he makes said George Jockers, as executor as aforesaid, as well as in person, party defendant to the above entitled cause, both in his said official capacity and in person, and prays that upon a hearing hereof, your honor will find and determine the amount due upon said judgment of said County Court in favor of your orator, and against said estate, and that said contract between Jacob Huester, Sr., and George Jockers be declared fraudulent and void as to your orator, and that said George Jockers hold said sum of two thousand dollars ($2,000), or as much thereof as may be necessary to pay and discharge your orator's said judgment, in

trust for your orator; and that he be compelled by the order of this court to pay the same to your orator within a time to be fixed by the court, and for all such relief as to equity may appertain, and the nature of the case may require, and as in duty bound.

MICHAEL HARTING.

Messrs. J. S. CARR and A. A. GOODRICH, for appellant.

A debtor can not, as against his creditors, transfer all his property to another to secure his future support, and such a conveyance is "fraudulent in law" as to creditors, although it may be good and valid as between the parties thereto.    Annis v. Bonar, 86 Ill. 128; Moore, Adm'r, v. Wood, 100 Ill. 451; see 2d Resolution in Twyne's case, 3d Coke's Rep. p. 80; 1 Smith's Leading Cases, 33.

When the question is, "Was there a trust created by the contract for the benefit of the grantor, and did that contract result in hindering and delaying creditors?" and those facts are in any way admitted, the fraud is an inference of the law which the court is bound to pronounce, and it is not important what motives may have animated the parties.    Moore, Adm'r, v. Wood, 100 Ill. 455; Phelps v. Curts, 80 Ill. 112; Emerson v. Bemis, 69 Ill. 541.

And these rules apply to personal property or moneys with the same force as to the fraudulent conveyance of lands. See Twyne's case cited above.    Moore, Adm'r, v. Wood, 100 Ill. 454.

It is a well settled rule that in cases of fraud, chancery always has jurisdiction, though courts of law may exercise it concurrently in all cases in which their powers are sufficient for the relief sought.    Truett v. Wainwright, 4 Gilm. 418; Kennedy v. Northup, 15 Ill. 148; Babcock v. McCamant, 53 Ill. 215.

Messrs. WISE & DAVIS, for appellees.

This suit can not be maintained, because there is a full and adequate remedy at law.    R. S. Chap. 3, Sec. 81, title, Administration; Wade v. Pritchard, 69 Ill. 280; People v. Abbott,

105 Ill. 588; Hales v. Holland, 92 Ill. 494; Long v. Barker, 85 Ill. 433; Brown, Adm'r, v. Wabash, 96 Ill. 297.

There being a statutory remedy it must be pursued. People v. Biggins, 96 Ill. 481; Freeland v. Dazey, 25 Ill. 266; Hales v. Holland, 92 Ill. 497; Blanchard v. Williamson, 70 Ill. 647.

After the death of the debtor the Probate Court had jurisdiction of his estate, with full power to settle all questions, legal or equitable, arising out of same; and a court of chancery will not take jurisdiction of the settlement of an estate, but if it does it will settle the entire estate. Freeland v. Dazey, 25 Ill. 266; Hales v. Holland, 92 Ill. 494; Long v. Barker, 85 Ill. 433; Brown, Adm'r, v. Wabash, 96 Ill. 297.

Fraud must be alleged and proved, and in order to set aside a contract as fraudulent, it must appear both grantor and grantee intended to commit the fraud against the creditors of the vendor or grantor. Schroeder v. Walsh, 120 Ill. 412; Meyers v. Kinzie, 26 Ill. 36.

There is no allegation in the bill that Jockers knew the financial condition of Huester when he made the contract, knew that he was indebted and insolvent, such an allegation is necessary. Hatch v. Jordon, 74 Ill. 414; Champion v. Cotter, 17 Ves. 263; Ewing v. Cantwell, Meigs, (Tenn). 364; Welsh v. Hildridth, 33 Vt. 457.

CONGER, J. To the foregoing bill a general demurrer was sustained by the court below and the bill was dismissed.

It is insisted by appellee that this action of the Circuit Court was justified upon three grounds.

*First.* Appellant had an adequate remedy at law, and we are referred to Sec. 81, Chap. 3, Revised Statutes, and decisions thereon. That section provides that any executor or administrator or other person interested in an estate may, upon making the proper affidavit, have brought before the County Court any one supposed to have assets of the estate, when the question may be examined by the court, and such order may be made as the case may require.

But this section provides for a proceeding to gather together the assets of the estate for its benefit, and to compel

Harting v. Jockers.

every one to account to the estate for what may belong to it, although in the hands of strangers.   But the bill in this case sets out an arrangement by which the estate of Huester and his executors are bound as much as Huester would be if living. The contract between Huester and Jockers, as between themselves, their heirs or legal representatives, was binding and could not be avoided.

It is only the creditors of Huester that are defrauded, and they alone can complain; hence we think this objection to the bill is not tenable.

*Second.*   That the contract was fully executed between deceased and Jockers, and therefore could not be set aside.   No authority is given to sustain this proposition, and we presume none can be found.

When a debtor makes a contract which the law deems fraudulent, and whereby his creditors are defrauded of their rights, we know of no principal of law or equity which would prevent a court of equity from annulling such fraudulent contract, and restoring the creditors to their legal rights, because the fraud has been consummated.

We think there was no adequate remedy in the County Court.   Appellant's claim had been allowed in that court against the estate, but it had no assets to pay the claim with, nor could the representatives of the estate ask that a voluntary conveyance, made by the deceased, be set aside.   That could only be done by a creditor and by a creditors' bill, by which the equitable powers of a court of chancery are called into action; hence we think the third objection to the bill is not well founded.

It is next insisted by appellee that "it must be alleged and proved that the grantor and grantee entered into the fraud; in other words, that the grantee knew the condition of grantor's affairs, and knowingly, and thus fraudulently, made the contract."

The fraud charged in the bill is a conclusion of law upon the facts stated, and it is not material what the intentions of the parties to the transaction were.

The contract, as set forth in the bill, was that the deceased

transferred all his property to Jockers, in consideration of being supported during his life, thereby rendering himself insolvent and unable to pay his debts, and this he can not legally do. As said in Annis v. Bonar, 86 Ill. 130 : " It may be the motives of the parties were free from censure; but the principle, it would seem, must, to every correct apprehension, bear its condemnation upon its statement. It is that a debtor may transfer all his property to another, and thereby defeat his creditor in the collection of his debt, and yet enjoy the use of the property. * * * If the debtor may take a covenant for support and maintenance, he may prescribe, even to the minutest details, the kind and quality. The law allows no man, beyond the specific exemptions of the statute, by any form of contract or mode of disposing of property, whatever it may be, to secure the use of his property to himself, to the exclusion of his creditors.

" The law will not speculate about what is actually passing in the donor's mind, for the act need not be immoral or corrupt. The law does not concern itself about the private or secret motives which may influence the debtor. It does not deal with his conscience. He may make a conveyance with the most upright intentions, really believing that he has a right to do so, and that it is his right and duty to do it, and yet, if the transfer is voluntary, and hinders, delays or defrauds creditors, it is fraudulent." Bump on Fraudulent Conveyances, 266.

We think the demurrer to the bill was improperly sustained, and hence the decree of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*